UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARITZA ESQUERRA TOLEDO,

                Petitioner,                Case No. 1:26-cv-1820

v.                                   Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled, second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.15.)

In an Order entered on June 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 5.) Respondents filed their response on June 25, 2026, (ECF No. 5), and a recording of the March 4, 2026, bond hearing on June 25, 2026. (Recording of Mar. 4, 2026, Bond Hearing, filed on June 25, 2026.) Petitioner filed a reply on June 30, 2026, (ECF No. 6.)

## II.    Factual Background

Petitioner is a native and citizen of Cuba. (Pet., ECF No. 1, PageID.1.) Petitioner entered the United States in 2022 without inspection. *See* Op., *Esquerra-Toledo v. Raycraft* (*Esquerra-Toledo I*), No. 1:26-cv-434 (W.D. Mich. Feb. 25, 2026), (ECF No. 6). On January 16, 2026, ICE agents arrested Petitioner. *Id.*

On February 9, 2026, Petitioner filed her first § 2241 petition challenging her initial detention without a bond hearing in *Esquerra-Toledo I*. In *Esquerra-Toledo I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Esquerra-Toledo I*, (W.D. Mich. Feb. 25, 2026), (ECF Nos. 6, 7.).

On March 4, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Mar. 4, 2026, Order Immigration Judge, ECF No. 1-5.) At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order, stating:

Denied because[:]

Danger and Flight.

(*Id.*, PageID.115.)

**III.    Analysis**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 4, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:        July 7, 2026                          /s/ Jane M. Beckering
                                                                Jane M. Beckering
                                                                United States District Judge